NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**PATRICIA A. ROBERT,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2019-2431

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-4648, Judge Amanda L. Meredith.

_____

Decided: July 7, 2020

_____

PATRICIA A. ROBERT, Killeen, TX, pro se.

STEPHANIE FLEMING, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR.; CHRISTINA LYNN GREGG, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

------------------------

Before NEWMAN, LOURIE, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Appellant Patricia A. Robert is the surviving spouse of Veteran Freddie L. Robert, who served in the United States Army from August 1977 to March 1997. His service included service in Southwest Asia during the Persian Gulf War. He died on February 10, 2008, six days after he underwent a cardiac catheterization examination. The issue is whether there is service-connection to the cause of death.

Mrs. Robert applied for dependency and indemnity compensation benefits, provided in 38 U.S.C. § 1310. After several years of proceedings, the Board of Veterans Appeals held that service connection with Mr. Robert's cause of death had not been established; the Court of Appeals for Veterans Claims affirmed in part and remanded in part.[1]

The Veterans Court sustained the Board's determination that Mr. Robert had not been shown to have developed hypertension while in service, and that service-connection on this basis was not established. Mrs. Robert asks us to review this finding, and sets forth the factual premises. However, our jurisdiction does not authorize review of factual questions except when there are constitutional aspects. 38 U.S.C. § 7292(d)(2). Since this factual question and the probative value of various medical diagnoses are the only questions, the appeal is not within our jurisdiction.

We take note that in response to Mrs. Robert's argument concerning the veteran's exposure to burn pits during his tours of duty, the Secretary requested remand to the

------------------------

[1] *Robert v. Wilkie*, No. 18-4648, 2019 WL 3771809 (Vet App. Aug. 12, 2019) ("Vet. Ct. Op.").

Board, to assure that the VA had met its duty to assist. The Veterans Court remanded this issue, authorizing the Board to obtain additional evidence and argument. Vet. Ct. Op. at *4. Although Mrs. Robert asks us to consider the effect of burn pit exposure, that issue is not yet properly before us.

The appeal presents only factual questions, and is not within our appellate jurisdiction.[2]

## DISMISSED

No costs.

---

[2] It appears that the entirety of this appeal is not yet ripe for our review, given the order of remand from the Veterans Court. Because we dismiss the non-remanded portion of the appeal for lack of jurisdiction, however, the result is the same.